## GEORGE R. BOWLES v. HENRY D. REISINGER AND ANOTHER.[1]

February 4, 1927.

No. 25,746.

**Mortgagee's notice that extension agreement was void did not annul covenant of mortgagor to pay debt.**

An agreement extending the time of payment of a past due mortgage contained a covenant to pay the debt and an acceleration clause authorizing the mortgagee to declare the extension void and the entire debt due in case of any default. Default occurring, he gave notice that the extension agreement was void and the entire amount due, and brought suit therefor upon the covenant. He was tendered and accepted the sum in default and dismissed the suit. All parties recognized the agreement as in force after the giving of the notice. *Held*, that giving it did not annul the covenant to pay the debt.

Contracts, 13 C. J. p. 546 n. 54.
Mortgages, 41 C. J. p. 749 n. 63 New.

Plaintiff appealed from a judgment of the district court for Dakota county, Schultz, J. Reversed.

*O'Brien, Horn & Stringer* and *Converse & Converse,* for appellant.
*Alfred E. Rietz* and *Smith & Rietz,* for respondents.

TAYLOR, C.

Plaintiff appeals from a judgment in favor of defendant Carlson. The facts are not in dispute; the controversy is concerning the conclusions to be drawn therefrom.

Defendant Reisinger executed a mortgage to plaintiff upon certain real estate in the city of Winnipeg in the province of Manitoba in 1915 to secure the payment of the sum of $4,575 borrowed from plaintiff. No promissory note was given for the debt, but Reisinger covenanted in the mortgage to pay the interest thereon and a small instalment of the principal semi-annually, and to pay the balance

[1]Reported in 212 N. W. 178.

thereof on January 1, 1918. It was stipulated in the mortgage that if a default occurred in any of the payments the entire principal should thereupon become due and payable. After executing the mortgage Reisinger conveyed an undivided one-half of the property to defendant Carlson. When the mortgage became due an agreement was executed extending the time of payment until January 1, 1923. This agreement recited the conveyance of an undivided one-half interest in the property from Reisinger to Carlson, and that a balance of $3,624.95 remained unpaid on the mortgage. In this agreement Reisinger and Carlson jointly covenanted to pay the interest on this balance semi-annually, to pay $500 of the principal in 1919, and to pay the remainder thereof on January 1, 1923. In this agreement it was stipulated that if the

"parties of the second part (Reisinger and Carlson) shall make default in payment of the interest secured by the said mortgage or any part thereof or in the performance of any of the covenants contained in said mortgage, the extension hereby given shall, if the Party of the First Part (plaintiff) so elect, become void and the said principal money and every part thereof shall become due and payable, and the said Party of the First Part shall be at liberty to take any proceedings he may see fit for the purpose of enforcing payment of the said principal and interest, or of the interest only, and performance of the said covenants in like manner as if these presents had not been executed."

Default was made in the payment of the interest and plaintiff employed an attorney to enforce collection. On December 8, 1921, this attorney wrote a letter to Reisinger in which he recited the defaults and the covenants in the mortgage and in the extension agreement, and notified him that the plaintiff

"has and does hereby elect and does hereby declare said extension agreement as void and of no effect, and the principal money and every part thereof, together with interest thereon as due and payable, and does hereby demand of you the payment of the sum of $3,343.69, that being the sum due at the date hereof."

On the same date he wrote a letter to Carlson in which he recited the defaults and the covenants made by him in the extension agreement and notified him that the plaintiff

"has elected and does hereby elect to declare, and does hereby declare the principal money and every part thereof, together with interest thereon, as due and payable, and does hereby demand of you the payment of the sum of $3,343.69, that being the sum due at the date hereof."

On December 12, 1921, plaintiff commenced an action against Reisinger and Carlson to recover the sum of $3,343.69, the amount claimed to be due. The complaint sets forth the execution of the mortgage and the covenants of Reisinger contained therein; the execution of the extension agreement and the covenants of Reisinger and Carlson contained therein; the defaults; and that on December 8, 1921, plaintiff had given the defendants and each of them notice of the defaults,

"and declaring the extension heretofore given by said plaintiff in the payment of the principal sum due under said mortgage as null and void, and declaring the principal money and every part thereof as due and payable, and demanding payment of said defendants and each of them."

The defendants interposed a joint answer in which they admitted the mortgage, the extension agreement, the default, the giving of the notice and the amount due. They then set forth that the mortgage was given in Canada upon real estate in Canada and was governed by the laws of Canada; that under the laws of Canada, if a default occurs in making a payment due under a mortgage by the terms of which the whole principal becomes due by reason of such default, the mortgagor may pay the amount in arrears together with accrued costs at any time before sale or foreclosure, and shall thereupon be relieved from the acceleration of the time of payment of the money not due by lapse of time; and that they had tendered to plaintiff the amount in arrears with costs and had paid it to the clerk of the court. They denied that plaintiff had declared the extension agreement

void and alleged that he had affirmed it by suit against Carlson and that it

"is now and at all times since the making thereof has been in full force and effect and that the principal sum of said mortgage * * * will not be due and payable until January 1st, 1923."

They asked judgment for dismissal of the action. Thereafter and on January 20, 1922, the parties stipulated that, in consideration of the payment of the amount tendered by the defendants,

"the above entitled action is dismissed without prejudice, and that the legal status of the mortgage and extension agreement referred to in the pleadings in said action be the same as it was prior to the bringing of said action."

When the mortgage became due by the terms of the extension agreement it was not paid, and in January, 1924, plaintiff brought this action to recover the amount thereof from defendants under the covenant in that agreement. Reisinger made no defense. Carlson answered alleging that by the notice of December 8, 1921, plaintiff had declared the extension agreement void and had thereby released him from any and all liability thereunder. The court held that the notice of December 8, 1921, annulled the extension agreement and released Carlson therefrom and rendered judgment in his favor. Plaintiff appealed therefrom.

We have stated the transactions chronologically, and probably at an undue length, to show clearly the facts from which the parties draw their diverse conclusions, quoting those portions of the several documents bearing most directly upon the question in dispute.

Carlson was not a party to the covenant in the original mortgage, but joined in the covenant in the extension agreement made after he became owner of an undivided half interest in the property. Unless liable on that instrument he is not liable at all. He does not question the validity of the extension agreement as originally executed, nor that he became liable thereon for the debt the payment of which was extended. His claim is that plaintiff canceled and annulled that agreement and thereby annulled his covenant to pay.

The original mortgage contained an acceleration clause which provided that upon default in any payment all deferred payments should become immediately due and payable. The extension agreement also contains an acceleration clause although somewhat different in form. It provides that in case of a default

"the *extension* hereby given, shall, if the Party of the First Part so elect, become void and the said principal money and every part thereof shall become due and payable."

It will be noted that it is the *extension* not the *agreement* which plaintiff may declare void if he so elects. And in this connection it may be proper to observe that Reisinger as well as plaintiff had an interest in having the agreement remain in force; for under it Carlson was jointly liable with him for the debt, and if the agreement were annulled he would remain solely liable therefor under the mortgage, and so far as appears would have no claim for contribution against Carlson, as the record does not disclose any other obligation assumed by Carlson.

In the letter to Reisinger of December 8, 1921, plaintiff's attorney states that plaintiff "does hereby declare said *extension agreement* as void and of no effect, and the principal money  *  *  * as due and payable." It is upon this statement that Carlson rests his claim that he is discharged from all liability. But the letter sent to him at the same time contains no such statement. The letter to him states that plaintiff "does hereby declare  *  *  *  the principal money  *  *  * as due and payable and does hereby demand of you the payment of the sum of $3,343.69, that being the sum due." In the complaint in the action brought in December, 1921, plaintiff alleged that the *extension* had been declared void and the principal sum due and payable. In the answer defendants alleged that plaintiff had affirmed the agreement by bringing suit against Carlson, and that it was in full force and effect. The stipulation dismissing that action provides that the status of the mortgage and the extension agreement shall be the same as it was before the bringing of the action. We do not overlook Carlson's claim that the agreement had been annulled before the bringing of the action and that this stipulation did not reinstate it.

The fact that the extension agreement provided for annulling the extension in case of default, but not for annulling the agreement; that all parties understood and asserted at all times before the expiration of the extension that the agreement was in full force and effect; and that the defendants claimed and were given the full benefit of the extension under and pursuant to the agreement, leaves no doubt that the expression "extension agreement" as used in the letter to Reisinger was intended by the attorney and understood by all parties to mean the provision extending the time of payment of the debt and not the contract itself containing that provision. There was at most a mere clerical error or inadvertence, overlooked and wholly disregarded by all parties. To hold that the contract was annulled as an entirety, which is what Carlson asks us to do, we must disregard both its purpose and the intention and understanding of all the parties concerned as evidenced by the contract itself and by their acts and conduct under and pursuant to it. The purpose of the contract and the construction put upon the contract and notice by the parties during the entire period of the extension remove any doubt or uncertainty as to the meaning and effect to be given to the notice; 13 C. J. 546, § 517; also cases cited in Dun. Dig. and Supps. §§ 1820, 1827.

Plaintiff intended and attempted to take the benefit of the acceleration clause. Defendants claimed that under the Canada law governing the mortgage they were entitled to pay the amounts in default together with the costs and thereby avoid the acceleration of the time of payment of the remainder of the principal. Plaintiff conceded this claim; and pursuant thereto the amounts in default together with the costs were paid and accepted with the understanding by both parties that the contract was and would remain in force as if no default had occurred. We are of opinion and hold that the contract was not canceled, and that the covenant remained in full force and effect.

As the conclusion reached upon this question disposes of the case, it is not necessary to consider the other questions raised by plaintiff.

Judgment reversed.